J-A07020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: K.A.E, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.R.G., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1405 MDA 2023 |

Appeal from the Decree Entered September 6, 2023
In the Court of Common Pleas of Luzerne County
Orphans' Court at No(s):  A-9477

BEFORE:   STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:          **FILED: APRIL 23, 2024**

J.R.G. ("Father") appeals from the decree involuntarily terminating his parental rights to K.A.E., born in November 2019 ("Child").[1]  Father's counsel has filed a petition to withdraw and an ***Anders*** brief.[2]  We are constrained to, deny counsel's petition to withdraw, vacate the decree, and remand for further proceedings to determine whether Child's legal counsel and guardian *ad litem* ("GAL") could represent Child's best and legal interests without conflict.

Given our disposition, we need not summarize the full factual and procedural history of this appeal.  Briefly, in November 2021, Luzerne County Children and Youth Services ("CYS") removed Child from Father's and Mother's

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The trial court also terminated the parental right of A.M.S. ("Mother"), and J.M. ("Putative Father").  Neither Mother nor Putative Father have appealed or participated in this appeal.

[2] ***See Anders v. California***, 386 U.S. 738 (1967).

home, obtained an emergency shelter care order, and placed Child in a kinship care home with Child's paternal grandfather and his wife. Father had minimal, sporadic, contact with Child; provided no basic necessities for Child; did not stay in contact with CYS; and did not address domestic violence, substance abuse or mental health concerns. **See** Trial Court Opinion, 11/20/23, at 2, 5-6, 10-11.

In February 2023, CYS filed a petition to terminate Father's parental rights. In March 2023, the trial court appointed Joseph Mashinski, Esquire ("Attorney Mashinski"), to represent Child as legal counsel and GAL. **See** Order, 3/10/23, at 1 ("the March 2023 Order"). The March 2023 Order contained the following provision:

> Said attorney shall make an immediate determination if a conflict exists between the two roles [as Child's legal counsel and GAL], and, if a conflict is determined to exist, said attorney shall notify the court and counsel of the determination and petition this court within ten (10) days of this order, seeking the appointment as legal counsel and the assignment of a [GAL].

**Id**. (some capitalization omitted). For reasons not apparent in the record, the trial court subsequently entered an order appointing Girard Joseph Mecadon, Esquire ("Attorney Mecadon"), as Child's legal counsel and GAL. **See** Order, 6/26/23, at 1 ("the June 2023 Order").[3] As in the March 2023 order, the June 2023 Order contained the same provision directing Attorney Mecadon to

---

[3] Although the record does not contain an order permitting Attorney Mashinski to withdraw, Attorney Mashinski took no actions of record this matter and did not appear at the termination of parental rights hearings.

determine whether a conflict in his role as legal counsel and GAL existed, and, if a conflict existed, to notify the court and petition the court for the assignment of a separate GAL for Child. ***See id***.

The trial court held two days of hearings, the first in July 2023, and the second in September 2023.[4] Child was three-and-a-half years old at the time of the first day of hearings. At the beginning of the first day of hearings, the trial court asked Attorney Mecadon whether he had "an opportunity to make an assessment as to whether there is any conflict of interest in [his] ability to represent both the best and legal interest of [Child.]" N.T., 7/6/23, at 4. The following exchange ensued:

> [Attorney Mecadon]: Your Honor, I was not able to meet with [Child]. I just got appointed on the case. But from the information that I have, I don't believe there is a conflict.
>
> THE COURT: Well, based on your answer, if we do move into the body of the case and you come to the conclusion that you feel there is a conflict of interest, I'm going to trust that you're going to interrupt the proceedings and let me know about that.

N.T., 7/6/23, at 4. The trial court made no additional findings of record establishing that Attorney Mecadon met with Child, Child was incapable of expressing a preference in the outcome of the case, or, if capable of stating a preference, Child's preferred outcome did not conflict with Child's best interests.

_____

[4] Father was incarcerated but appeared for the first day of hearings. Although Father was released from prison before the second day of hearings, he did not appear in court for the second day of hearings.

On September 6, 2023, the trial court entered the decree terminating Father's parental rights. Father filed a timely notice of appeal and a contemporaneous statement of errors complained of on appeal. The trial court filed a responsive opinion concluding that it properly terminated Father's parental rights under section 2511(a)(1), (2), (5), (8), and (b). As noted above, Father's counsel has petitioned to withdraw and filed an *Anders* brief.

This Court must first consider whether Father's counsel has complied with the technical requirements to withdraw. *See In re Adoption of B.G.S.*, 240 A.3d 658, 661 (Pa. Super. 2020). Our review reveals that Father's counsel has complied with the technical requirements for petitioning to withdraw. *See id*. (outlining the requirements for petitioning to withdraw pursuant to *Anders*); *see also* Petition for Leave to Withdraw as Counsel, 12/21/23, at 1-2 and Attachment. Additionally, Father's counsel has met the content requirements of an *Anders* brief and explains why counsel believes this appeal is wholly frivolous. *See B.G.S.*, 240 A.3d at 661; *see also Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Accordingly, we proceed to an independent review. *See B.G.S.*, 240 A.3d at 661 (noting that once this Court determines that counsel has complied with the technical requirements to withdraw, we will conduct an independent review of the record to discern whether counsel overlooked any additional, non-frivolous issues).[5]

---

[5] Father has not responded to counsel's petition to withdraw or filed a separate brief in this appeal.

Because our independent review reveals a non-frivolous issue concerning Child's right to counsel, we address that issue first. *Cf*. *id*.

Section 2313 of the Adoption Act states, in relevant part:

**(a) Child.—**The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a [GAL] to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S.A. § 2313(a).

This Court has articulated the relevant law as follows:

Our Supreme Court has explained that "[s]ection 2313(a) requires the appointment of counsel who serves the child's legal interests in contested, involuntary [termination of parental rights] proceedings." *In re Adoption of L.B.M.*, [] 161 A.3d 172, 180 ([Pa.] 2017) (footnote omitted). Further, the *L.B.M.* Court held that "the failure to appoint counsel for a child involved in a contested, involuntary termination of parental rights proceeding is a structural error and is not subject to harmless error analysis." *Id*. at 183. Further, the failure to appoint counsel to represent a child's legal interests pursuant to [s]ection 2313(a) is a non-waivable error. *[See In re] T.S.*, 192 A.3d [1080,] 1087 [(Pa. 2018)]. Subsequently, [our] Supreme Court clarified that "trial courts are obligated by [s]ection 2313(a) to appoint counsel to serve the critical role of a child's attorney, zealously advocating for the legal interests of the child who otherwise would be denied a voice in the termination of parental rights proceedings." *In re Adoption of K.M.G.*, [] 240 A.3d 1218, 1233-34 ([Pa.] 2020) (citation omitted). In the context of TPR proceedings, the child's "legal interests" is synonymous with "the child's preferred outcome[.]" *T.S.*, 192 A.3d at 1082 (footnote omitted)[.]

Further, "where a child's legal and best interests do not diverge in a termination proceeding, an attorney-GAL representing the child's best interests can also fulfill the role of the attorney appointed per Section 2313(a) to represent the

- 5 -

child's legal interests." **T.S.**, 192 A.3d at 1088 (citation omitted). However, "where there is no conflict between a child's legal and best interests, an attorney-[GAL] representing the child's best interests can also represent the child's legal interests. **Id**. at 1092; **see also K.M.G.**, 240 A.3d at 1235-36. As such, our Supreme Court has held that before appointing an individual to serve as both [GAL] and legal counsel for a child, the trial court "must determine whether counsel can represent the dual interests . . .." **K.M.G.**, 240 A.3d at 1236.

Further, where the trial court appoints one attorney "to represent both the child's best interests and legal interests, appellate courts should review *sua sponte* whether the [trial] court made a determination that those interests did not conflict." **Id**. at 1235.

**Interest of H.H.N.**, 296 A.3d 1258, 1263-64 (Pa. Super. 2023) (some citations omitted).

Our Supreme Court recognizes that a child may be too young to be able to express a preference as to the outcome of the proceedings. **See T.S.**, 192 A.3d at 1089-90.[6] In such cases, a court may presume that no conflict exists between the child's legal interest and best interest. **See id**. at 1090. Put differently, **T.S.** holds that section 2313(a) does not require the appointment of separate legal counsel to advance a child's "unknowable preference." **Id**. (footnote omitted).

_____

[6] In **T.S.**, the children were two and three years old, and the parties agreed that because of the children's age, they could not have formed a subjective and articulable preference to be advanced by counsel during the termination proceedings. **See T.S.**, 192 A.3d at 1089. We note that this Court has declined to apply the presumption in **T.S.** even where a child was as young as two years old at the time of the termination hearing. **See Interest of S.Y.**, 303 A.3d 760, 2023 WL 4590832, at *3 and n.3 (Pa. Super. 2023) (unpublished memorandum); **see also** Pa.R.A.P. 126(b) (stating that we may cite to unpublished memoranda filed after May 1, 2019 for persuasive value).

Our review of the record confirms that the trial court appointed an attorney as both legal counsel and GAL for Child. **See** Order, 6/26/23, at 1; Order, 3/10/23, at 1; **K.M.G.**, 240 A.3d at 1235 (noting that an appellate court should engage in *sua sponte* review to determine if the trial court appointed counsel to represent the legal interest of a child in a contested termination proceeding). However, we must also consider, *sua sponte*, whether the trial court determined that Child's best and legal interests did not conflict. **See K.M.G.**, 240 A.3d at 1236 (authorizing *sua sponte* review to determine whether the trial court, when appointing counsel who also serves as GAL, determined that a child's best and legal interests did not conflict).

Here, the trial court's orders appointing Child's counsel did not contain an express finding that Child's best and legal interests did not conflict. **See** Order, 6/26/23, at 1; Order, 3/10/23, at 1. To the contrary, the March 2023 and June 2023 Orders apparently delegated to counsel the trial court's responsibility to determine if Child's best and legal interests conflicted. **See** Order, 6/26/23, at 1; Order, 3/10/23, at 1. Furthermore, at the first day of hearings, the court asked Attorney Mecadon whether he had the opportunity to assess whether he was able to represent both Child's best and legal interests. **See** N.T., 7/6/23, at 4. Attorney Mecadon respond that he obtained information there was no conflict between Child's best and legal interests, but he had not yet met with Child. **See id**. At no point in the hearings, or elsewhere in the record, did the trial court expressly determine Child's best and legal interests did not conflict. **Cf**. **K.M.G.**, 240 A.3d at 1236.

We acknowledge Child's young age during the pendency of the termination of parental rights proceedings: Child was two years old when CYS removed her from Father's and Mother's care, just over three years old when CYS filed the petition to terminate Father's parental rights, three-and-a-half years old at the time of the first day of the termination hearings, and nearing four years old at the time of the second day of the termination hearings.[7] However, there are no statements or findings on the record that Child was non-verbal or incapable of expressing a preference in the outcome. Therefore, we decline to apply the presumption in **T.S.** that Child could not have had a conflicting preference.

In sum, absent any indication that the trial court determined that Child's best and legal interests did not conflict, we conclude that the court did not comply with section 2313(a). **Cf**. **K.M.G.**, 240 A.3d at 1236. Accordingly, we deny Father's counsel's petition to withdraw, vacate the decree terminating Father's parental rights, and remand this matter for the trial court to fulfill its section 2313(a) duty. The trial court shall determine on the record whether there is a conflict between Child's best and legal interests. If there is a conflict, the trial court shall appoint separate counsel to represent Child's best and legal interests and conduct a new termination hearing. If the trial court determines there is no conflict, the court shall re-enter its termination decree.

_____

[7] The record suggests Child was speaking at the time of the second day of hearings. **See** N.T., 9/6/23, at 18 (indicating that Child "does ask" about Father).

Petition to withdraw denied. Decree vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/23/2024