J-S13001-23

2023 PA Super 108

| | | |
|---|---|---|
| IN THE INTEREST OF: H.H.N., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.B., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3024 EDA 2022 |

Appeal from the Decree Entered November 1, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-AP-0000377-2022

| | | |
|---|---|---|
| IN THE INTEREST OF: M.M.N., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.B., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3025 EDA 2022 |

Appeal from the Decree Entered November 1, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-AP-0000378-2022

| | | |
|---|---|---|
| IN THE INTEREST OF: W.N., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.B., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3026 EDA 2022 |

Appeal from the Decree Entered November 1, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-AP-0000379-2022

| | | |
|---|---|---|
| IN THE INTEREST OF: M.A.N., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

:
APPEAL OF: D.B., MOTHER   :
:
:
:
:
:  No. 3027 EDA 2022

Appeal from the Decree Entered November 1, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000380-2022

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY NICHOLS, J.:     **FILED JUNE 13, 2023**

D.B. (Mother) appeals from the decrees entered November 1, 2022, which granted the petitions of the Philadelphia Department of Human Services (DHS) and terminated her parental rights to her children, M.A.N. (born in May of 2010), H.H.N. (born in October of 2013), M.M.N. (born in April of 2016), and W.N. (born in March of 2018) (collectively, Children).[1] We vacate the decrees and remand for further proceedings consistent with this opinion.

Briefly, on July 9, 2019, the trial court adjudicated Children dependent. The trial court held periodic permanency review hearings throughout the pendency of these cases. Initially, on March 28, 2019, the trial court appointed the Defender Association of Philadelphia, Child Advocacy Unit to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Mother filed separate appeals from the trial court's December 1, 2022 orders changing Children's permanency goals from reunification to adoption pursuant to 42 Pa.C.S. § 6351. This Court docketed those appeals at 37 EDA 2023, 39 EDA 2023, 40 EDA 2023, and 41 EDA 2023 and addressed them in a separate memorandum. ***See Interest of M.N.***, 2023 WL 3860327 (Pa. Super. filed June 7, 2023) (unpublished mem.).

serve as Children's guardian *ad litem* (GAL) and legal counsel. However, the trial court appointed a separate attorney (Children's TPR counsel) to serve as Children's legal counsel on January 31, 2022.

On June 13, 2022, DHS filed goal change petitions for all four Children, requesting that the trial court change Children's permanency goals from reunification to adoption. The following day, DHS filed petitions seeking the involuntary termination of Mother's parental rights with respect to all four Children pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b).

The trial court held a combined termination of parental rights (TPR) and goal change hearing on November 1, 2022. At the beginning of the hearing, Children's TPR counsel informed the trial court that he had not yet interviewed Children due to scheduling problems. In response, the trial court chastised Children's TPR counsel for being unprepared and proceeded with the TPR hearing as scheduled. N.T. Hr'g, 11/1/22, at 6-7. However, the trial court indicated that it would take what evidence it could that day at the TPR hearing and scheduled another hearing date concerning the goal change from reunification to adoption. *Id.*

DHS's first witness was Community Umbrella Association (CUA) case manager Larry Patrick. *Id.* at 8. During Mr. Patrick's testimony, the trial court interrupted and remarked:

> I just want to take a moment since it's an appropriate break in the flow of the testimony occasioned by three outbursts from [Children's TPR counsel's] phone. And I observed [Children's TPR counsel] all throughout the hearing and all he's been doing is playing on his [phone] throughout the hearing, making no notes,

not paying attention to the testimony. The purpose of my doing this is now because I'm going to excuse [Children's TPR counsel] from the hearing.

We're looking for a short date to bring everyone back because I have to entertain his report from [C]hildren, but I'm not going to belabor this hearing now with his presence.

*Id.* at 26.

The trial court then announced it would hold an additional hearing on December 1, 2022, concerning the goal change at which point Children's TPR counsel would be required to provide the trial court with a report regarding his interviews with Children. *Id.* at 26-28. Thereafter, the trial court dismissed Children's TPR counsel from the hearing. *Id.* at 29. At that time, Farrell Bernstein, Esq., Children's GAL, expressed her concern about Children's TPR counsel's absence, and stated that it was her understanding that Children's legal counsel must be present for the entire hearing. *Id.* The trial court responded:

They [*i.e.*, Children's legal counsel] don't [have to be present for the TPR hearing]. **The only purpose is to offer their report as to their conversation with [C]hildren**. They don't . . . represent any other party, and . . . they're not attorneys of record for any other party. They're TPR counsel for [C]hildren. And based upon the case law, **the purpose for their appearance is to offer their report as to their conversations with [C]hildren**. They do not have to be present.

*Id.* (emphases added). The trial court then proceeded with the TPR hearing

- 4 -

in Children's TPR counsel's absence.[2] *Id.*

DHS also presented testimony from S.Y., the kinship caregiver for M.A.N., H.H.N., and W.N.[3] Mother also testified at the TPR hearing. Lastly DHS called Jovanna Tagertt as a rebuttal witness. Ultimately, the trial court concluded that termination of Mother's parental rights was appropriate under Section 2511(a)(1), (a)(2), (a)(5), (a)(8), and (b). *Id.* at 105-06. The trial court then entered decrees terminating Mother's parental rights to Children.

At the hearing on December 1, 2022, Children's TPR counsel reported that he had interviewed Children, that all of them were happy with their current caregivers, and that the eldest child, M.A.N., said that he wanted S.Y. to adopt him. N.T. Hr'g, 12/1/22, at 5, 7-8. At the conclusion of the hearing, the trial court entered orders changing Children's permanency goals from reunification to adoption.

Mother simultaneously filed timely notices of appeal and Pa.R.A.P. 1925(a)(2)(i) statements at each trial court docket number with respect to the TPR decrees.[4] The trial court judge has since retired, and the records were forwarded to this Court without a Pa.R.A.P. 1925(a) opinion.

---

[2] We note that Mr. Patrick also presented testimony regarding permanency review and changing Children's permanency goals during the November 1, 2022 TPR hearing. *See* N.T. Hr'g, 11/1/22, at 31-35, 48-52.

[3] The kinship caregiver for M.M.N. did not testify at the TPR hearing.

[4] On December 29, 2022, this Court consolidated the appeals *sua sponte* pursuant to Pa.R.A.P. 513. Order, 12/29/22.

On appeal, Mother raises the following issues for our review:

1. Did the court below err in proceeding with the TPR hearing in the absence of legal counsel for Children?

2. Did the court below err in finding that [DHS], had met its burden in proving grounds for termination of parental rights under 23 Pa.C.S.[] § 2511(a)(1), (2), (5), and (8)?

3. Did the court below err in finding that DHS had met its burden to prove that termination would be in [Children's] best interests, under [23 Pa.C.S.] § 2511(b)?

4. Did the court below err when it found that DHS by clear and convincing evidence had met its burden to change [Children's] goal to adoption?

Mother's Brief at 8 (some formatting altered).[5]

In her first issue, Mother argues that the trial court erred by dismissing Children's TPR counsel from the TPR hearing. *Id.* at 16-23. Mother contends that the trial court violated Children's statutory right to counsel by directing Children's TPR counsel to leave the courtroom and conducting the TPR hearing in Children's TPR counsel's absence. *Id.* at 16, 20-21 (citing, *inter alia*, 23 Pa.C.S. § 2313(a)). In support, Mother notes that this Court has recognized that the role of a child's legal counsel is "to engage in client-directed advocacy on behalf of the child." *Id.* at 20-21 (citing *Interest of D.G.*, 241 A.3d 1230 (Pa. Super. 2020); *Interest of D.N.G.*, 230 A.3d 361, 366 (Pa. Super.

_____

[5] As previously noted, Mother separately appealed from the goal change orders. Therefore, Mother's fourth issue is not cognizable here. *See, e.g.*, *M.W. v. S.T.*, 196 A.3d 1065, 1069 n.6 (Pa. Super. 2018) (declining to review the grandmother's appeal from denial of her petition to intervene in dependency case where the grandmother only filed a notice of appeal from the order dismissing her complaint for custody).

2020)). Therefore, Mother concludes that because the trial court deprived Children of their statutory right to legal counsel, the decrees terminating her parental rights must be reversed.

DHS and GAL respond that the trial court did not err in dismissing Children's TPR counsel from the TPR hearing because one attorney may represent both Children's best and legal interests, as long as those interests do not conflict.[6] GAL's Brief at 27-29 (citing, *inter alia*, **In re T.S.**, 192 A.3d 1080, 1092 (Pa. 2018)); DHS's Brief at 18-19. GAL acknowledges that the trial court's reason for appointing Children's TPR counsel does not appear in the trial court's appointment order. However, GAL contends that no party has asserted that Children's best and legal interests conflict. GAL's Brief at 30. GAL also argues that the record from the TPR hearing establishes that there was no conflict between Children's best and legal interests because Children expressed their desire to remain with their current caretakers and for their caretakers to adopt them. *Id.* at 30-33 (citing N.T. Hr'g, 11/1/22, at 23-25, 40, 48-52, 65-66). Additionally, GAL suggests this Court should consider the declarations of Attorney Bernstein and Tosha Ferguson, one of GAL's social

_____

[6] We note that at the December 1, 2022 goal change hearing, the trial court ordered that Children's TPR counsel's appointment as Children's legal counsel would be vacated within thirty-one days and the Defender Association would serve in the dual capacity of GAL and Children's legal counsel. *See, e.g.*, Trial Ct. Order, DP-1900-2012, 12/1/22, at 2; N.T. Hr'g, 11/1/22, at 11. However, according to the trial court dockets, Children's TPR counsel remains attorney of record as Children's legal counsel. Children's TPR counsel did not file an appellate brief.

workers, stating that there was no conflict between Children's best and legal interests. *Id.* at 30, 33-34 (citing S.R.R. at 1b-9b); *accord* DHS's Brief at 18-19 (citing, *inter alia*, S.R.R. at 3b).[7] GAL further argues that a remand to determine the existence of a conflict is not necessary because Children's TPR counsel presented evidence that Children desired to be adopted. GAL's Brief at 35-36 (citing N.T. Hr'g, 12/1/22, at 4-9). GAL contends that the facts of *D.G.* and *D.N.G.* are distinguishable because in both of those cases the children's expressed preference was against adoption. *Id.* at 37-38 (citing *D.G.*, 241 A.3d at 1242; *D.N.G.*, 230 A.3d at 367-68).

Both GAL and DHS alternatively argue that if this Court concludes that the record is unclear as to whether there is a conflict between Children's best and legal interests, then this Court should remand these matters to the trial court for the limited purpose of determining whether there was a conflict between Children's best and legal interests. GAL's Brief at 36-37; DHS's Brief at 19-20. GAL suggests that this Court order that, on remand, if the trial court concludes that no conflict exists, the trial court shall vacate the order appointing separate legal counsel for Children. GAL's Brief at 38-39. DHS recommends that this Court's remand order should direct the trial court to reinstate the decrees terminating Mother's parental rights if the trial court

---

[7] For reasons set forth below, we conclude that GAL's supplemental reproduced record does not contain any documents that are part of the certified record.

concludes that Children's best and legal interests were not in conflict.  DHS's

Brief at 20.

We begin by stating our standard of review:

The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record.  If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion.  A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will.  The trial court's decision, however, should not be reversed merely because the record would support a different result.  We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations omitted and formatting

altered).

Section 2313 of the Adoption Act provides, in relevant part:

**(a) Child.**—The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents.  The court may appoint counsel or a guardian *ad litem* to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child.  No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S. § 2313(a).

Our Supreme Court has explained that "Section 2313(a) requires the

appointment of counsel who serves the child's legal interests in contested,

involuntary TPR proceedings." *In re Adoption of L.B.M.*, 161 A.3d 172, 180

(Pa. 2017) (footnote omitted).  Further, the *L.B.M.* Court held that "the failure

- 9 -

to appoint counsel for a child involved in a contested, involuntary termination of parental rights proceeding is a structural error and is not subject to harmless error analysis." *Id.* at 183. Further, the failure to appoint counsel to represent a child's legal interests pursuant to Section 2313(a) is a non-waivable error. *T.S.*, 192 A.3d at 1087. Subsequently, the Supreme Court clarified that "trial courts are obligated by Section 2313(a) to appoint counsel to serve the critical role of a child's attorney, zealously advocating for the legal interests of the child who otherwise would be denied a voice in the termination of parental rights proceedings." *In re Adoption of K.M.G.*, 240 A.3d 1218, 1233-34 (Pa. 2020) (citation omitted). In the context of TPR proceedings, the child's "legal interests" is synonymous with "the child's preferred outcome[.]" *T.S.*, 192 A.3d at 1082 (footnote omitted); *see also* Pa.R.J.C.P. 1154, cmt.

Further, "where a child's legal and best interests do not diverge in a termination proceeding, an attorney-GAL representing the child's best interests can also fulfill the role of the attorney appointed per Section 2313(a) to represent the child's legal interests." *T.S.*, 192 A.3d at 1088 (citation omitted). However, "where there is no conflict between a child's legal and best interests, an attorney-guardian *ad litem* representing the child's best interests can also represent the child's legal interests. *Id.* at 1092; *see also K.M.G.*, 240 A.3d at 1235-36. As such, our Supreme Court has held that **before** appointing an individual to serve as both guardian *ad litem* (GAL) and legal counsel for a child, the trial court "must determine whether counsel can represent the dual interests . . . ." *K.M.G.*, 240 A.3d at 1236. Further, where

- 10 -

the trial court appoints one attorney "to represent both the child's best interests and legal interests, appellate courts should review *sua sponte* whether the [trial] court made a determination that those interests did not conflict." *Id.* at 1235.

This Court has concluded that where one attorney represents both the child's best and legal interests at a TPR hearing, but the trial court did not place its determination that those interests did not conflict on the record, the TPR decree should be vacated and the case should be remanded to the trial court for further proceedings. *Interest of A.J.R.O.*, 270 A.3d 563, 570-71 (Pa. Super. 2022). Upon remand, if the trial court "determines that no conflict exists, it shall re-enter" the TPR decree, but if the trial court determines that a conflict exists, it must appoint separate legal counsel for the child and hold a new TPR hearing to "provide [child's] counsel an opportunity to advocate on behalf of [the child's] legal interests." *Id.* at 571.

Regarding the role of child's legal counsel, this Court has explicitly rejected the notion that child's legal counsel fulfills his or her obligations under Section 2313(a) "by discerning [the child's] preference and report[ing] it to the court[.]" *D.G.*, 241 A.3d at 1237; *see also D.N.G.*, 230 A.3d at 366.[8]

Indeed, this Court has stated that such a

> narrow characterization of legal counsel's duties misstates [the child's legal counsel's] obligation to his client pursuant to §

---

[8] *D.G.* and *D.N.G.* involved the same appellant, but different children. *See D.G.*, 241 A.3d at 1232 n.1.

2313(a). While legal representation in this context necessarily involves talking to the child client and reporting the child's preferences to the court,[9] it is in no way limited to those two actions. To the contrary, pursuant to the majority of justices in *In re Adoption of L.B.M.*, [161 A.3d] at 180 [the child's legal counsel] was required to advocate on behalf of [the child] and provide zealous client-directed representation of [the child's] legal interests.

*D.N.G.*, 230 A.3d at 366 (citation omitted); *see also In re P.G.F.*, 247 A.3d 955, 966 (Pa. 2021) (stating that "[g]enerally, an attorney acting as a child's legal counsel must, at a minimum, attempt to ascertain the child's preference and **advocate on the child's behalf**" (emphasis added)).

As noted previously, the parties rely on *D.G.* and *D.N.G.* in support of their respective positions. In those cases, the child's legal counsel communicated the children's desire to return to their parent and their opposition to adoption at the TPR hearings, but did not present any additional evidence or examine any witnesses. *D.G.*, 241 A.3d at 1238-39; *D.N.G.*, 230 A.3d at 364, 366-67. On appeal in both cases, this Court held that legal

---

9 In *K.M.G.*, our Supreme Court declined to adopt a requirement that child's legal counsel place the child's preferred outcome on the record at a TPR hearing because it could violate child's legal counsel "duty of confidentiality to their client, the child" and had the potential of "placing unconscionable stress on a child by mandating that [his or] her feelings regarding [his or] her parents and caretakers be made public and permanently enshrined in the record." *K.M.G.*, 240 A.3d at 1237-38; *see also P.G.F.*, 247 A.3d at 966 (acknowledging that "[t]here may be circumstances surrounding a termination proceeding that hamper determining a child's clear preference. . . . While an attorney must ascertain his client's legal interest and advocate for it, in the context of a minor client, we believe modulation is necessary, and achieving a definitive understanding of the child's preference may simply be too disruptive and hurtful").

counsel's failure to advocate for the children's legal interests deprived the children of their statutory right to counsel under Section 2313(a). **D.G.**, 241 A.3d at 1239, 1242; **D.N.G.**, 230 A.3d at 367-68. Therefore, this Court vacated the termination decrees and remanded for new TPR hearings. Further, the **D.G.** Court declined to address DHS's argument that "any deficiency in [child's] legal counsel's performance would not have altered the outcome of the termination proceeding." **D.G.**, 241 A.3d at 1239 (formatting altered).

Instantly, on this record, we conclude that the trial court committed an error of law and abused its discretion by dismissing Children's TPR counsel from the November 1, 2022 hearing.[10] **See T.S.M.**, 71 A.3d at 267. While we understand the trial court's frustration in maintaining order in the courtroom with Children's TPR counsel's inattentiveness including his cellphone disrupting the proceeding, the trial court mishandled the situation by directing Children's TPR counsel to leave the hearing, and stating that his presence was not necessary because his role as Children's legal counsel was

---

[10] We note that it is well-established that a judge has broad discretion to maintain control of the courtroom. **See, e.g.**, **Behr v. Behr**, 695 A.2d 776, 778-79 (Pa. 1997) (discussing a court's discretion to use its contempt power to maintain courtroom authority); **In re Arrington**, 214 A.3d 703, 707 (Pa. Super. 2019) (affirming conviction for contempt of court where the defendant used his cellphone in the courtroom in violation of the Allegheny County Courthouse's prohibition against using cellphones and defied the judge's directive to put his cellphone away). However, we conclude that notwithstanding the disruptions Children's TPR counsel's cellphone caused, the trial court did not consider contempt, and abused its discretion by dismissing Children's TPR counsel from representing Children at the November 1, 2022 TPR hearing.

simply to interview Children and report his findings to the court. ***See*** N.T. Hr'g, 11/1/22, at 29. We note that at no time during the hearing did the trial court find Children's TPR counsel in contempt. Further, we reiterate that limiting child's legal counsel's advocacy to the mere reporting of the child's preferred outcome to the trial court at the TPR hearing, renders counsel's representation insufficient and deprives the child of his or her statutory right to counsel under 23 Pa.C.S. § 2313(a). ***See D.G.***, 241 A.3d at 1239; ***D.N.G.***, 230 A.3d at 367-68. Accordingly, the trial court's order dismissing Children's TPR counsel from the November 1, 2022 TPR hearing, notwithstanding Children's TPR counsel's presence at the December 1, 2022 goal change hearing, deprived Children of their statutory right to counsel. ***See D.G.***, 241 A.3d at 1237-39; ***D.N.G.***, 230 A.3d at 366-68.

Further, because the deprivation of Children's right to counsel in TPR proceedings "is a structural error and is not subject to harmless error analysis[,]" we decline to address DHS and GAL's arguments that GAL was permitted to represent Children's legal interests at the November 1, 2022 TPR hearing because there was no conflict between Children's best and legal interests.[11] ***See L.B.M.***, 161 A.3d at 183; ***D.G.***, 241 A.3d at 1239.

_____

[11] Although we do not reach the merits of GAL and DHS's arguments that there was no conflict between Children's best and legal interests, we note that both GAL and DHS cite to the verified declarations of Attorney Bernstein and Ms. Ferguson. ***See*** GAL's Brief at 30, 33-34 (citing S.R.R. at 1b-9b); DHS's Brief at 18-19 (citing S.R.R. at 3b). The trial court denied GAL's request to supplement the certified record with these declarations. ***See*** Trial Ct. Order, *(Footnote Continued Next Page)*

Additionally, the facts of this case are very different from those of **A.J.R.O.**

In that case, the trial court appointed an attorney as the child's GAL, and the

GAL was the only attorney to represent the child during the TPR hearing. **See**

**A.J.R.O.**, 270 A.3d at 570. However, the trial court failed to determine on

the record that the child's best and legal interests did not conflict. **See id.**

Therefore, the **A.J.R.O.** Court remanded for the limited purpose of

determining if a conflict existed. **See id.** at 571. The instant case presents a

very different and novel set of circumstances: the trial court appointed

Children's TPR counsel as Children's separate legal counsel for Children, but

dismissed Children's TPR counsel from the TPR hearing. The trial court did

not vacate Children's TPR counsel's appointment as Children's legal counsel

and did not appoint the GAL to serve in both capacities for the rest of the TPR

---

3/23/23; **see also** Order, 3024 EDA 2022 **et al.**, 3/24/23, at 2 (denying GAL's request to supplement the certified record as moot in light of the trial court's March 23, 2023 order). Nevertheless, GAL filed a supplemental reproduced record containing these declarations. **See** S.R.R. at 1b-9b. Even if this Court were to reach the merits of GAL and DHS's arguments, we could not consider these declarations because they are not part of the certified record. **See** **Rosselli v. Rosselli**, 750 A.2d 355, 359 (Pa. Super. 2000) (stating that "[t]his Court may review and consider only items which have been duly certified in the record on appeal. . . . [A] document not filed of record does not become part of the certified record by merely making a reproduction and placing that reproduction in the reproduced record. For purposes of appellate review, what is not of record does not exist" (citations omitted)).

Further, even if these declarations were part of the certified record, they are not a substitute for **the trial court's** fact-specific determination as to whether a conflict exists between a child's best and legal interests. **See generally** **K.M.G.**, 240 A.3d at 1235-36.

hearing. Further, when the Court reconvened for the goal change hearing, Children's TPR counsel merely reported Children's preferred outcome to the trial court. For these reasons, the denial of Children's right to counsel under Section 2313(a) is structural error, therefore, a remand of these matters to the trial court for the limited purpose of determining whether Children's best and legal interests conflict is not the appropriate remedy, instead we must remand for a new TPR hearing. **Compare L.B.M.**, 161 A.3d at 183 **and D.G.**, 241 A.3d at 1239 **with A.J.R.O.**, 270 A.3d at 570-71.[12]

---

[12] We also note that if we were to reach the merits of Mother's issues, the lack of a Rule 1925(a) opinion would hamper this Court's ability to conduct meaningful appellate review of this matter. The trial court's statements at the TPR hearing reflect some of its reasoning but are inadequate for this Court to conduct meaningful appellate review of this matter. **See** N.T. Hr'g, 11/1/22, at 103-06. Further, our standards of review require deference to the trial court's findings of fact and credibility determinations. **See T.S.M.**, 71 A.3d at 267. We understand the need to move this case forward expeditiously in order to establish stability in the lives of Children, however, a meaningful application of these standards requires more detailed findings of fact and conclusions of law from the trial court, which were simply not provided at the hearings or on the record. While the trial court made some observations regarding the facts, it did not discuss the requirements of each subsection of the Adoption Act, nor did it apply the facts of the case to each subsection of the Adoption Act. In such circumstances, this Court has remanded for the trial court to prepare a supplemental Rule 1925(a) opinion. **See, e.g.**, **Interest of E.G.**, Nos. 827 EDA 2022, 828 EDA 2022, 2022 WL 4090314, at *2 (Pa. Super. filed Sept. 7, 2022) (unpublished mem); **see also** Pa.R.A.P. 126(b) (providing that this Court may cite to non-precedential decisions of this Court filed after May 1, 2019, for their persuasive value).

Instantly, a limited remand is not possible because the trial court judge who presided at the TPR and goal change hearings has retired. Even if this Court were to remand this matter for the limited purpose of determining whether Children's best and legal interests conflict, this Court could not conduct a meaningful appellate review of the trial court's decision to terminate Mother's parental rights because of the current state of the record.

For these reasons, we are constrained to vacate the decrees granting DHS's petitions to terminate Mother's parental rights to Children and remand for a new TPR hearing.

Decrees vacated. Cases remanded for further proceedings. Jurisdiction relinquished.

Judge Murray joins the opinion.

P.J.E. Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2023