J-S11033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: L.P.D., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: D.L.L., MOTHER | : : : : : : : | |
| | : | No. 65 EDA 2024 |

Appeal from the Decree Entered November 29, 2023
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2023-A0043

BEFORE: BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED MAY 21, 2024**

D.L.L. ("Mother") appeals from the November 29, 2023 decree, entered in the Court of Common Pleas of Montgomery County, that involuntarily terminated her parental rights to her son, L.P.D ("Child"), born in June 2017, pursuant to 23 Pa.C.S. § 2511(a)(1), (8), and (b).[1] Upon review, we vacate and remand for further proceedings consistent with this memorandum.

We glean the following factual and procedural history of this matter from the certified record. In April 2021, the Montgomery County Office of Children and Youth ("OCY") received a referral alleging that Mother and Child were

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] By separate decree, entered the same date, the orphans' court also terminated the parental rights of C.D. ("Father"). Father did not file an appeal or participate in the instant appeal.

living in a hotel, did not have adequate food, and that Mother was struggling with her mental health. *See* N.T., 11/29/2023, at 9. Child initially remained in Mother's care, and in July 2021, OCY developed a family service plan which established the following goals for Mother: (1) participate in mental health services, (2) obtain suitable housing, (3) work with any recommended in-home services, (4) develop knowledge of Child's behavioral issues, (5) create and maintain a budget, and (6) sign releases. *See id.* at 13. To assist Mother with her goals, OCY referred her to JusticeWorks. *See id.* at 13. OCY further provided Mother with a housing coach in September 2021. *See id.* at 14. Due to Child's behavioral issues, OCY attempted to have Child evaluated by the Montgomery County Intermediate Unit, but Mother refused, stating that she believed there were no issues with Child. *See id.* at 14-15.

On November 1, 2021, when Child was four years old, OCY received a report that the police had picked up Child because he was unsupervised in the street, and they could not locate Mother. *See id.* at 17. The police released Child to Father's care, but, shortly thereafter, Father returned Child to Mother's care. *See id.* at 17. On November 12, 2021, the police again picked up Child because he was wandering the streets with no supervision. *See id.* Father again retrieved Child and continued to care for him until approximately December 9, 2021. *See id.* at 17-18. The same day, OCY received a report from Mother alleging that Father was abusing drugs. *See id.* at 18. An OCY

caseworker went to Father's residence, but Child was not present. *See id.* OCY later learned that Father had returned Child to Mother's care. *See id.*

On December 15, 2021, OCY filed a dependency petition. In a last-ditch effort to maintain Mother's custody of Child, on December 31, 2021, OCY provided Mother, who was homeless, with a hotel room for a few days, with the understanding that she needed to implement a plan to address her ongoing parenting issues. *See id.* at 19. However, on January 3, 2022, Mother did not have a plan and OCY was awarded emergency protective custody of Child. On January 20, 2022, Child was adjudicated dependent and placed in pre-adoptive foster care, where he has remained throughout these proceedings.

On March 31, 2023, OCY filed a petition for the involuntary termination of Mother's parental rights to Child pursuant to 23 Pa.C.S. § 2511(a)(1), (5), (8), and (b).[2] On April 20, 2023, the orphans' court appointed Lara Kash, Esquire ("Attorney Kash") as "counsel" for Child.[3]

The orphans' court conducted an evidentiary hearing on November 29, 2023, during which Child, then six years old, was represented by Attorney

---

[2] On November 1, 2023, OCY filed an amended petition for the involuntary termination of Mother's parental rights to Child wherein it no longer sought termination pursuant to Section 2511(a)(5).

[3] Attorney Kash served as Child's guardian *ad litem* ("GAL") throughout the dependency proceedings.

J-S11033-24

Kash. OCY presented the testimony of Andrew Orr, OCY supervisor, and Susan Rhoads, OCY caseworker. Mother testified on her own behalf.

By decree dated November 29, 2023, and entered November 30, 2023, the orphans' court involuntarily terminated Mother's parental rights to Child pursuant to 23 Pa.C.S. § 2511(a)(1), (8), and (b). Mother timely filed a notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). In response, the orphans' court filed its Rule 1925(a) opinion on January 9, 2024, referring to its findings set forth on the record following the termination hearing.

On appeal, Mother raises the following issues:

1. Whether there is sufficient evidence to support the findings of the orphans' court that the agency proved by clear and convincing evidence the requirements of 23 Pa.C.S.A. § 2511(a)(1) for the involuntary termination of Mother's parental rights?

2. Whether there is sufficient evidence to support the findings of the orphans' court that the agency proved by clear and convincing evidence the requirements of 23 Pa.C.S.A. § 2511(a)(8) for the involuntary termination of Mother's parental rights?

3. Whether the orphans' court abused its discretion in finding that the developmental, physical, and emotional needs and welfare of Child will be best served by the termination of Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(b), when there is a strong and loving bond between Mother and Child, and severance of that bond will cause irreparable harm to Child?

- 4 -

J-S11033-24

Mother's Brief at 4.[4]

Before reaching the merits of Mother's issues on appeal, we must first address *sua sponte* whether the orphans' court appointed Attorney Kash to represent Child's legal interests during the contested involuntary termination proceeding pursuant to 23 Pa.C.S. § 2313(a).[5] ***See In re Adoption of K.M.G.***, 240 A.3d 1218, 1235 (Pa. 2020) (holding that "appellate courts should engage in *sua sponte* review to determine if orphans' courts have appointed counsel to represent the legal interests of children in contested termination proceedings, in compliance with Subsection 2313(a)"). Further, to the extent that the orphans' court appointed Attorney Kash to represent Child's legal and best interests, we must also address *sua sponte* whether the court made a determination that those interests did not conflict. ***See id.*** This Court has articulated the relevant law as follows:

_____

[4] In this appeal, Attorney Kash filed a letter joining OCY's brief in support of the decree involuntarily terminating Mother's parental rights.

[5] This subsection provides as follows:

**(a)** **Child.--**The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S. § 2313(a).

- 5 -

Our Supreme Court has explained that "Section 2313(a) requires the appointment of counsel who serves the child's legal interests in contested, involuntary [termination of parental rights] proceedings." *In re Adoption of L.B.M.*, [] 161 A.3d 172, 180 ([Pa.] 2017) (footnote omitted). Further, the *L.B.M.* Court held that "the failure to appoint counsel for a child involved in a contested, involuntary termination of parental rights proceeding is a structural error and is not subject to harmless error analysis." *Id.* at 183. Further, the failure to appoint counsel to represent a child's legal interests pursuant to Section 2313(a) is a nonwaivable error. *[See In re] T.S.*, 192 A.3d [1080,] 1087 [(Pa. 2018)]. Subsequently, [our] Supreme Court clarified that "trial courts are obligated by Section 2313(a) to appoint counsel to serve the critical role of a child's attorney, zealously advocating for the legal interests of the child who otherwise would be denied a voice in the termination of parental rights proceedings." *In re Adoption of K.M.G.*, [] 240 A.3d 1218, 1233-34 ([Pa.] 2020) (citation omitted). In the context of TPR proceedings, the child's "legal interests" is synonymous with "the child's preferred outcome[.]" *T.S.*, 192 A.3d at 1082 (footnote omitted)[.]

Further, "where a child's legal and best interests do not diverge in a termination proceeding, an attorney-GAL representing the child's best interests can also fulfill the role of the attorney appointed per Section 2313(a) to represent the child's legal interests." *T.S.*, 192 A.3d at 1088 (citation omitted). However, "where there is no conflict between a child's legal and best interests, an attorney-[GAL] representing the child's best interests can also represent the child's legal interests. *Id.* at 1092; *see also K.M.G.*, 240 A.3d at 1235-36. **As such, our Supreme Court has held that before appointing an individual to serve as both [GAL] and legal counsel for a child, the trial court "must determine whether counsel can represent the dual interests . . . ." *K.M.G.*, 240 A.3d at 1236. Further, where the trial court appoints one attorney "to represent both the child's best interests and legal interests, appellate courts should review *sua sponte* whether the [trial] court made a determination that those interests did not conflict." *Id.* at 1235.**

*Interest of H.H.N.*, 296 A.3d 1258, 1263-64 (Pa. Super. 2023) (some citations omitted) (emphasis added).

- 6 -

Instantly, the relevant order provided, "[Attorney Kash] is reappointed as counsel for [Child.]" Order, 4/20/2023. Notably, the order does not specify whether Attorney Kash was to serve as Child's legal counsel, *i.e.*, an attorney representing Child's preferred outcome pursuant to Section 2313(a), Child's GAL, or both. Our review of the certified record reveals no other order of appointment for representation of Child. Indeed, Attorney Kash served as Child's sole attorney during the contested involuntary termination proceeding. Moreover, during that proceeding, Attorney Kash stated that she met with Child "several times" and she determined that she does not "have a conflict between his stated and best interests." **See** N.T, 11/29/2023, at 131-132.

As it appears that the court appointed Attorney Kash to serve as both Child's legal counsel and GAL, the orphans' court, **prior to her appointment**, was required to determine whether Child's interests conflicted. **See K.M.G.**, 240 A.3d at 1235-1236. Nothing in the record indicates that the orphans' court made this determination.

Accordingly, we are constrained to vacate the involuntary termination decree and remand for further proceedings. **See Interest of A.J.R.O.**, 270 A.3d 563 (Pa. Super. 2022) (vacating involuntary termination decree because the orphans' court failed to determine whether the child's legal interests and best interests conflicted prior to appointing a single attorney to represent both; and remanding to allow the trial court to make the required determination). Upon remittal of the record pursuant to Pa.R.A.P. 2591, we

direct the orphans' court to fulfill its Section 2313(a) duty as articulated in **K.M.G., supra**, and determine whether Attorney Kash may represent both the legal interest and best interest of Child without conflict. **See A.J.R.O.**, 270 A.3d at 570-571. If there is a conflict, the orphans' court shall appoint separate legal counsel and conduct a new involuntary termination hearing. If the court determines there is no conflict, the court shall re-enter its termination decree.

Decree vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/21/2024