J-A09042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: L.M.S.B., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.B., MOTHER | : : : : : : : : | No. 1430 WDA 2023 |

Appeal from the Order Entered November 8, 2023
In the Court of Common Pleas of Cambria County Orphans' Court at
No(s):  2023-995-IVT

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED: July 11, 2024**

Appellant J.B. (Mother) appeals[1] from the order granting the petition filed by Cambria County Children & Youth Services (the Agency) to terminate Mother's parental rights to L.M.S.B. (Child), born in February of 2023.  On appeal, Mother contends that the Agency failed to prove by clear and convincing evidence that Mother's conduct warranted termination of her parental rights.  Following careful review, we vacate the order and remand with instructions.

By way of background, the Agency filed a petition to involuntarily terminate Mother's parental rights on August 23, 2023.  Following an

_____

[1] We note that although the trial court also terminated the parental rights of S.G. and J.C. (collectively, Putative Fathers), neither Putative Father is a party to the instant appeal.

evidentiary hearing on November 6, 2023, the trial court entered an order terminating Mother's parental rights.

Appellant filed a timely notice of appeal and a Pa.R.A.P. 1925(a)(2)(i) statement. The trial court filed a Rule 1925(a) opinion incorporating its remarks at the conclusion of the November 6, 2023 evidentiary hearing. *See* Trial Ct. Op., 12/13/23, at 2.[2]

Appellant raises the following issue for our review:

> Whether the [trial] court abused its discretion or committed an error of law when it granted the petition to involuntarily terminate parental rights and ordered [Mother's] rights terminated to [] Child forever, without clear and convincing evidence that [Mother's] conduct warranted termination under 23 Pa.C.S. § 2511(a)[?]

Mother's Brief at 4 (formatting altered).

> The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

---

[2] The Hon. Norman A. Krumenacker, III, the presiding judge over the November 6, 2023 hearing and author of the trial court's Rule 1925(a) opinion, retired from the Cambria County Court of Common Pleas effective January 1, 2024.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations omitted and formatting altered).

Before we can review the merits of Mother's sole issue on appeal, we must first review whether Child's guardian *ad litem*, Suzann Lehmier, Esq., was able to represent Child's best interests and legal interests without conflict. Indeed, Section 2313 of the Adoption Act provides, in relevant part:

> **(a) Child.**—The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian *ad litem* to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S. § 2313(a).

This Court has held as follows:

> Our Supreme Court has explained that "Section 2313(a) requires the appointment of counsel who serves the child's legal interests in contested, involuntary TPR proceedings." *In re Adoption of L.B.M.*, 161 A.3d 172, 180 (Pa. 2017) (footnote omitted). Further, the *L.B.M.* Court held that "the failure to appoint counsel for a child involved in a contested, involuntary termination of parental rights proceeding is a structural error and is not subject to harmless error analysis." *Id.* at 183. Further, the failure to appoint counsel to represent a child's legal interests pursuant to Section 2313(a) is a non-waivable error. [*In re T.S.*, 192 A.3d 1080, 1087 (Pa. 2018)]. Subsequently, the Supreme Court clarified that "trial courts are obligated by Section 2313(a) to appoint counsel to serve the critical role of a child's attorney, zealously advocating for the legal interests of the child who otherwise would be denied a voice in the termination of parental rights proceedings." *In re Adoption of K.M.G.*, 240 A.3d 1218, 1233-34 (Pa. 2020) (citation omitted). In the context of TPR proceedings, the child's "legal interests" is synonymous with "the

child's preferred outcome[.]" **T.S.**, 192 A.3d at 1082 (footnote omitted); **see also** Pa.R.J.C.P. 1154, cmt.

Further, "where a child's legal and best interests do not diverge in a termination proceeding, an attorney-[guardian *ad litem*] representing the child's best interests can also fulfill the role of the attorney appointed per Section 2313(a) to represent the child's legal interests." **T.S.**, 192 A.3d at 1088 (citation omitted). However, "where there is no conflict between a child's legal and best interests, an attorney-guardian *ad litem* representing the child's best interests can also represent the child's legal interests. **Id.** at 1092; **see also K.M.G.**, 240 A.3d at 1235-36. As such, our Supreme Court has held that **before** appointing an individual to serve as both guardian *ad litem* (GAL) and legal counsel for a child, the trial court "must determine whether counsel can represent the dual interests . . . ." **K.M.G.**, 240 A.3d at 1236. Further, where the trial court appoints one attorney "to represent both the child's best interests and legal interests, appellate courts should review *sua sponte* whether the [trial] court made a determination that those interests did not conflict." **Id.** at 1235.

This Court has concluded that where one attorney represents both the child's best and legal interests at a TPR hearing, but the trial court did not place its determination that those interests did not conflict on the record, the TPR decree should be vacated and the case should be remanded to the trial court for further proceedings. **Interest of A.J.R.O.**, 270 A.3d 563, 570-71 (Pa. Super. 2022). Upon remand, if the trial court "determines that no conflict exists, it shall re-enter" the TPR decree, but if the trial court determines that a conflict exists, it must appoint separate legal counsel for the child and hold a new TPR hearing to "provide [child's] counsel an opportunity to advocate on behalf of [the child's] legal interests." **Id.** at 571.

**Interest of H.H.N.**, 296 A.3d 1258, 1263-64 (Pa. Super. 2023) (emphasis in original).

In the instant case, the trial court appointed Attorney Lehmier as "court-appointed counsel for [] Child throughout the proceedings." Trial Ct. Or., 8/25/23 (some formatting altered). At the conclusion of the November 6,

2023 evidentiary hearing, Attorney Lehmier made the following statement to the trial court: "Your Honor, as the attorney for [] Child, I would, based on her age, represent to the [c]ourt there be no conflict between her best interests and legal interests." N.T., 11/6/23, at 73.

However, the trial court did not make an on-the-record determination regarding whether Attorney Lehmier could represent Child's best interests and legal interests without conflict. *See K.M.G.*, 240 A.3d at 1235-36. For these reasons, we are constrained to vacate the trial court's order terminating Mother's parental rights and remand the case for further proceedings.[3] *See A.J.R.O.*, 270 A.3d at 570-71.

Upon remand, the trial court shall make an on-the-record determination as to whether Attorney Lehmier can represent Child's best interests and legal interests without conflict. Should the trial court reach the determination that no conflict exists, it shall re-enter the order terminating Mother's parental rights. *See H.H.N.*, 296 A.3d 1264 (citing *A.J.R.O.*, 270 A.3d at 571). If the trial court determines that a conflict exists, it shall appoint separate counsel to represent Child's legal interests and hold a new termination of parental rights hearing to "provide [Child's] counsel an opportunity to advocate on

---

[3] While we recognize that remanding pursuant to 23 Pa.C.S. § 2313(a) for a determination concerning whether there is a conflict between Child's legal interests and best interests and whether Attorney Lehmier may represent both of those interests will result in a delay, this Court cannot make this determination on the trial court's behalf. *See A.J.R.O.*, 270 A.3d at 570-71.

behalf of [Child's] legal interests." ***See id.*** (quoting ***A.J.R.O.***, 270 A.3d at 571).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/11/2024