J-A04029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: A.N., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C.T.G., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1283 MDA 2024 |

Appeal from the Decree Entered August 26, 2024
In the Court of Common Pleas of Cumberland County Orphans' Court at
No(s): 056-Adopt-2023

| | | |
|---|---|---|
| IN RE: ADOPTION OF: N.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C.T.G., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1284 MDA 2024 |

Appeal from the Decree Entered August 26, 2024
In the Court of Common Pleas of Cumberland County Orphans' Court at
No(s): 008-ADOPT-2024

| | | |
|---|---|---|
| IN RE: ADOPTION OF: J.G. A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: C.T.G., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1285 MDA 2024 |

Appeal from the Decree Entered August 26, 2024
In the Court of Common Pleas of Cumberland County Orphans' Court at
No(s): 007-adopt-2024

| | | |
|---|---|---|
| IN RE: ADOPTION OF: A.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| APPEAL OF: C.T.G., MOTHER | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | No. 1286 MDA 2024 |

Appeal from the Order Entered August 26, 2024
In the Court of Common Pleas of Cumberland County Orphans' Court at
No(s): 058-ADOPT-2023

| IN RE: ADOPTION OF: E.E., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- | --- |
|  | : | |
|  | : | |
| APPEAL OF: C.T.G., MOTHER | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | No. 1287 MDA 2024 |

Appeal from the Decree Entered August 26, 2024
In the Court of Common Pleas of Cumberland County Orphans' Court at
No(s): 057-ADOPT-2023

| IN THE INTERST OF: A.N., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- | --- |
|  | : | |
| APPEAL OF: C.T.G., MOTHER | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | No. 1288 MDA 2024 |

Appeal from the Order Entered August 21, 2024
In the Court of Common Pleas of Cumberland County Juvenile Division at
No(s): CP-21-DP-0000163-2022

| IN THE INTEREST OF: N.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- | --- |
|  | : | |
|  | : | |
| APPEAL OF: C.T.G., MOTHER | : | |
|  | : | |

- 2 -

:
:
:    No. 1289 MDA 2024

Appeal from the Order Entered August 21, 2024
In the Court of Common Pleas of Cumberland County Juvenile Division at
No(s):  CP-21-DP-0000112-2023

IN THE INTEREST OF: J.G., A MINOR    :    IN THE SUPERIOR COURT OF
:    PENNSYLVANIA
:
APPEAL OF: C.T.G., MOTHER    :
:
:
:
:
:
:
:    No. 1290 MDA 2024

Appeal from the Order Entered August 21, 2024
In the Court of Common Pleas of Cumberland County Juvenile Division at
No(s):  CP-21-DP-0000166-2022

IN THE INTEREST OF: A.W., A    :    IN THE SUPERIOR COURT OF
MINOR    :    PENNSYLVANIA
:
:
APPEAL OF: C.T.G., MOTHER    :
:
:
:
:
:    No. 1291 MDA 2024

Appeal from the Order Entered August 21, 2024
In the Court of Common Pleas of Cumberland County Juvenile Division at
No(s):  CP-21-DP-0000165-2022

IN THE INTEREST OF: E.E., A MINOR    :    IN THE SUPERIOR COURT OF
:    PENNSYLVANIA
:
APPEAL OF: C.T.G., MOTHER    :
:
:
:
:
:
:    No. 1292 MDA 2024

- 3 -

J-A04029-25

Appeal from the Order Entered August 21, 2024
In the Court of Common Pleas of Cumberland County Juvenile Division at
No(s):  CP-21-DP-0000164-2022

BEFORE:  LAZARUS, P.J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 15, 2025**

Appellant C.T.G. (Mother) appeals[1] from the decrees terminating her parental rights to A.N., E.E., A.W., J.G., and N.B. (collectively, Children)[2] and from the orders changing Children's permanency goal to adoption.[3]  Mother argues that Cumberland County Children and Youth Services (CYS) failed to present clear and convincing evidence supporting the termination of her parental rights or changing Children's permanency goal to adoption.  Following our review of the record, the parties' briefs, and the relevant law, we affirm on the basis of the trial court's opinion.

_____

[1] The trial court also terminated the parental rights of D.N. to A.N. and E.E., the parental rights of R.S. to A.W., the parental rights of J.L. to J.G., and the parental rights of A.B. to N.B. on the same date.  Further, the trial court terminated the parental rights of any unknown fathers.  None of these individuals have filed an appeal and none of them are a party to the instant appeal.

[2] A.N. was born in July of 2014 and was ten years old on August 16, 2024, the final day of the termination of parental rights hearing (TPR hearing).  *See* CYS Ex. 11 OC at 1.  E.E. was born in March 2017 and was seven years old on the final day of the TPR hearing.  *See* CYS Ex. 12 OC at 1.  A.W. was born in May of 2018 and was six years old on the final day of the TPR hearing.  *See* CYS Ex. 13 OC at 1.  J.G. was born in April of 2022 and was two years old on the final day of the TPR hearing.  *See* CYS Ex. 14 OC at 1.  N.B. was born in August of 2023 and was twelve months old on the final day of the TPR hearing. *See* CYS Ex. 15 OC at 1.

[3] This Court consolidated these appeals *sua sponte* on October 9, 2024.  *See* Order, 10/9/24.

- 4 -

We adopt the trial court's summary of the events that led CYS to file the petitions for the involuntary termination of Mother's parental rights. *See* Trial Ct. Op., 10/9/24, at 3-12. Briefly, the family became involved with CYS in October of 2022 when Mother and the four oldest children (A.N., E.E., A.W., and J.G.) were living in a shelter.[4] *See id.* at 3-4. Mother subsequently obtained housing. *See id.* at 5. The trial court granted CYS's emergency petition for protective custody and ordered that A.N., E.E., A.W., and J.G. be removed from Mother's care on November 28, 2022. *See id.* The trial court adjudicated A.N., E.E., A.W., and J.G. dependent on December 8, 2022, and returned E.E., A.W., and J.G. to Mother's care. *See id.* CYS placed A.N. in Hoffman Homes, where he received treatment for his mental health issues. *See id.* at 5-6, 14.

Penny Sheriff, a CYS caseworker, made an unannounced visit to Mother's home on December 28, 2022. *See id.* at 5. Ms. Sheriff observed that Mother's home was in "'complete shambles[,]'" "the house was cluttered to the point that one had trouble walking through the rooms," and she could smell urine in the bedrooms. *See id.*; *see also* N.T., 6/12/24, at 30-33 (Ms. Sheriff testified that the condition of Mother's home was a safety hazard because boxes stacked atop furniture could fall on Children and the clutter impeded Children's ability to move freely through the home in case of an emergency). Therefore, the trial court ordered the removal of E.E., A.W., and

---

[4] N.B. had not been born at that time.

J.G. from Mother's care. *See* Trial Ct. Op. at 5. CYS placed E.E., A.W., and J.G. in foster care. Specifically, A.W. and J.G. were placed together with one foster family, and E.E. was separately placed with a different foster family. *See id.* at 15. CYS established service plans for A.N., E.E., A.W., and J.G., which set goals for Mother including maintaining stable housing, addressing Mother's mental health issues, cooperating with CYS, visiting with Children, and meeting Children's medical, dental, and developmental needs. *See id.* at 6. Mother participated in guided visitation with Children through Alternative Behavior Consultants (ABC) and enrolled in ABC's parenting SKILLS[5] program. *See id.* at 6-9. The trial court appointed Susan Kostelac to serve as Children's court appointed special advocate ("CASA") in these proceedings. *See, e.g.*, Trial Court Order, DP-112-2023, 9/7/23; Trial Court Order, DP-163-2022, 7/14/23.

Subsequently, Mother gave birth to N.B. in August of 2023. *See* N.T., 6/12/24, at 108; N.T., 8/16/24, at 42. Shortly afterwards, CYS filed an application for emergency protective custody of N.B., which the trial court granted. *See* Trial Court Order, DP-112-2023, 8/3/23. The trial court subsequently adjudicated N.B. dependent. *See* Trial Court Order, DP-112-2023, 8/17/23, at 4. N.B. was placed with the same foster parents as A.W. and J.G. *See* Trial Ct. Op. at 15.

---

[5] "SKILLS" is capitalized in the trial court's opinion. *See, e.g.*, Trial Ct. Op. at 6-8. However, it is unclear from the record if SKILLS is an acronym, and if it so, what the full name of the SKILLS program is.

Mother was unsuccessfully discharged from ABC's SKILLS program because Mother could not retain and demonstrate the skills that she had been taught regarding ensuring Children's safety, managing her environment, and communicating with Children in an age-appropriate manner. *See id.* at 13; *see also* N.T., 6/12/24, at 90, 98, 102, 108; N.T., 7/10/24, at 57, 70. Mother inconsistently attended medical appointments for Children. *See* Trial Ct. Op. at 9-10. Further, Mother initially refused to consent to a surgical procedure to treat J.G.'s "tongue tie," and the trial court memorialized Mother's consent to the procedure on the record so Mother could not change her mind later. *See id.* at 10 & n.83.

On May 6, 2024, CYS filed petitions to change Children's permanency goal to adoption. Subsequently, CYS filed petitions to involuntarily terminate Mother's parental rights to Children. The trial court held hearings on CYS's termination and goal change petitions on June 12, July 10, and August 16, 2024.[6] At the conclusion of the hearing on August 16, 2024, the trial court concluded that termination of Mother's parental rights was in Children's best interests under 23 Pa.C.S. § 2511(a) and (b). *See* N.T., 8/16/24, at 160-65. Specifically, the trial court terminated Mother's parental rights to A.N., E.E., A.W., and J.G. pursuant to Section 2511(a)(8) and (b). *See id.* at 160-64. The trial court terminated Mother's parental rights to N.B. pursuant to Section

---

[6] At the termination hearing, Jennifer Archer, Esq., served as Children's guardian *ad litem* (GAL) and Cindy Martin, Esq., appeared as Children's legal counsel.

2511(a)(1) and (b). ***See id.*** at 164-65. The trial court entered orders changing Children's permanency goal to adoption on August 21, 2024. Subsequently, on August 26, 2024, the trial court entered written decrees memorializing its decision to terminate Mother's parental rights.

Mother filed timely notices of appeal. Both Mother and the trial court complied with Pa.R.A.P. 1925.

On appeal, Mother raises the following issues for review:

1. Did the trial court err as a matter of law and abuse its discretion when it found sufficient grounds existed for a termination of [Mother's] parental rights to [] Children, despite a lack of clear and convincing evidence, thus contravening section 2511(a) of the Adoption Act, 23 Pa.C.S. § 2511(a)(1), 23 Pa.C.S. § 2511(a)(8)?

2. Did the trial court err as a matter of law and abuse its discretion when it failed to consider the development, physical, and emotional needs and welfare of [] Children, thus contravening section[] 2511(b) of the Adoption Act, 23 Pa.C.S. § 2511(b)?

3. Did the trial court err as a matter of law and abuse its discretion when it determined that [] Children's permanency goal of reunification was not appropriate, not feasible, and that it was in [] Children's best interest to change the permanency goal from reunification to adoption, thus contravening section 6351(f) of the Juvenile Act, 42 Pa.C.S. § 6351(f)?

Mother's Brief at 5 (some formatting altered).

We begin with our well-settled standard of review:

The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest

- 8 -

unreasonableness, partiality, prejudice, bias, or ill-will.  The trial court's decision, however, should not be reversed merely because the record would support a different result.  We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re H.H.N.*, 296 A.3d 1258, 1263 (Pa. Super. 2023) (citations omitted);

*see also In re Q.R.D.*, 214 A.3d 233, 239 (Pa. Super. 2019) (explaining that

"the trial court is free to believe all, part, or none of the evidence presented,

and is likewise free to make all credibility determinations and resolve conflicts

in the evidence" (citation omitted and some formatting altered)).

Termination of parental rights is governed by § 2511 of the Adoption Act[, 23 Pa.C.S. §§ 2101-2938].  Subsection (a) provides eleven enumerated grounds describing particular conduct of a parent which would warrant involuntary termination.  In evaluating whether the petitioner proved grounds under § 2511(a), the trial court must focus on the parent's conduct and avoid using a balancing or best interest approach.  If the trial court determines the petitioner established grounds for termination under § 2511(a) by clear and convincing evidence, the court then must assess the petition under § 2511(b), which focuses on the child's needs and welfare.

*In re M.E.*, 283 A.3d 820, 830 (Pa. Super. 2022) (citations omitted and some

formatting altered); *see also Q.R.D.*, 214 A.3d at 239 (explaining that if "the

court determines the parent's conduct warrants termination of his or her

parental rights, the court then engages in the second part of the analysis

pursuant to Section 2511(b): determination of the needs and welfare of the

child under the standard of best interests of the child" (citation omitted and

formatting altered)).

In its Rule 1925(a) opinion, the trial court thoroughly explained its reasons for terminating Mother's parental rights and its conclusion that termination was in Children's best interests. **See** Trial Ct. Op. at 1-15.

Following our review of the record, the parties' briefs, the relevant law, and the trial court's well-reasoned analysis, we affirm on the basis of the trial court's opinion. Specifically, we agree with the trial court that termination of Mother's parental rights with respect to A.N., E.E., A.W., and J.G. was warranted under Section 2511(a)(8) and with respect to N.B. was warranted under Section 2511(a)(1). **See id.** at 1-13.[7] Further, we agree with the trial court's conclusion that termination was in Children's best interest pursuant to Section 2511(b). **See** Trial Ct. Op. at 13-15. Additionally, we conclude that CYS presented clear and convincing evidence in support of termination and the trial court did not abuse its discretion in granting CYS's petitions to terminate Mother's parental rights. **See H.H.N.**, 296 A.3d at 1263. Mother is not entitled to relief on her first two claims.

Lastly, given our disposition affirming the termination decrees, Mother's issue pertaining to the trial court's goal change orders is moot. **See In re Adoption of A.H.**, 247 A.3d 439, 446 (Pa. Super. 2021) (explaining that "the

_____

[7] We note that the trial court's opinion contains five relevant typographical errors. On page 5 of the trial court's opinion, the date of the shelter care hearing should read "November **28**, 2022." **See** Trial Ct. Op. at 5. Further, the citation in footnote 64 on page 8 should read "N.T. **6/12**/2024 at 120." **See id.** at 8 n.64. Footnote 88 on page 11 should read "**T**he children's **maternal** grandmother and A.B., N.B.'s father." **See id.** at 11 n.88 (citation omitted). Lastly, the citations in footnotes 103 and 104 on page 15 should read "**Id.** at 11**4**" and "**Id.** at **115**," respectively. **See id.** at 15 nn. 103-104.

effect of our decision to affirm the orphans' court's termination decree necessarily renders moot the dependency court's decision to change [the c]hild's goal to adoption" (citation omitted)).[8]  Accordingly, we affirm.[9]

Decrees affirmed.  Orders affirmed.  Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/15/2025

---

[8] Even if this issue were not moot, we would affirm on the basis of the trial court's opinion.  **See** Trial Ct. Op. at 15-17.

[9] The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.