J-S18035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| IN RE: ADOPTION OF: K.L.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.L.P., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 95 WDA 2024 |

Appeal from the Order Entered December 18, 2023
In the Court of Common Pleas of Westmoreland County
Orphans' Court at No(s):  047-2023

| IN RE: ADOPTION OF M.W.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.L.P., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 96 WDA 2024 |

Appeal from the Order Entered December 18, 2023
In the Court of Common Pleas of Westmoreland County
Orphans' Court at No(s):  046-2023

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: JULY 12, 2024**

J.L.P. ("Mother") appeals from the December 18, 2023 orders involuntarily terminating her parental rights to her daughter, K.L.B., born in

January 2019, and her son, M.W.B., born in March 2020 (collectively, "the Children").[1] Following our review, we are constrained to vacate and remand.

Given our disposition, we need not detail the full factual and procedural history of this case. Relevantly, K.L.B. came into the care of the Westmoreland County Children's Bureau (hereinafter, "the Agency") in January 2019, after she and Mother tested positive for marijuana at the time of K.L.B.'s birth. Additionally, Mother was also a twice-indicated perpetrator of physical abuse. *See* N.T., 10/13/23, at 25, 48-49.[2] The court adjudicated K.L.B. dependent in March 2019. *See id*. at 25.

One year later, M.W.B. came into the Agency's care in April 2020, shortly after his birth. *See id*. at 24. At that time, Mother remained an indicated perpetrator of abuse. Furthermore, there were issues of domestic violence present in the home, and Mother had demonstrated "minimal compliance or progress" with the services that had been in place since K.L.B.'s removal. *Id*. at 25-26, 48-49. M.W.B. was adjudicated dependent on April 21, 2020. *Id*. at 25. The Children have remained in separate, pre-adoptive foster homes since their removal from Mother's care. *See id*. at 46-47.

---

[1] The Children's father, S.B. ("Father"), voluntarily relinquished his parental rights to the Children, which the court confirmed by orders entered December 18, 2023. Father did not appeal, and he submitted letters of no interest with respect to the within appeals.

[2] These prior incidents of physical abuse do not relate to the Children, but one subsequent incident arises from Mother blowing marijuana smoke in M.W.B.'s face. *See* N.T., 10/13/23, at 4-8.

The Agency instituted family service plans with objectives consistently focused on, *inter alia*, Mother's substance abuse, mental health, and anger management. ***See*** N.T., 9/14/23, at 14-16; N.T., 10/13/23, at 26-30. Following Mother's failure to complete all of her goals,[3] on April 20, 2023, the Agency filed petitions to involuntarily terminate Mother's parental rights to the Children pursuant to 23 Pa.C.S.A. § 2511(a)(2), (8), and (b).  At the time of the Agency's filing, K.L.B. was four years old and M.W.B. was three years old. The trial court subsequently appointed Amanda Faher, Esquire ("Attorney Faher"), to serve as the Children's guardian *ad litem* ("GAL"), as she had during the dependency proceedings. ***See*** Orders, 5/22/23.  However, as discussed further *infra*, the record does not reflect that the trial court considered whether Attorney Faher could represent the Children's best and legal interests without conflict; indeed, the record is silent regarding the appointment of legal counsel for the Children pursuant to 23 Pa.C.S.A § 2313(a).

The involuntary termination hearing commenced on August 31, 2023, and continued on September 14, 2023; September 28, 2023; October 13,

---

[3] ***See***, ***e.g.***, N.T., 10/13/23, at 30-34, 41-44, 50-53, 58, 65-67 (treatment supervisor Melissa Loufts testifying, *inter alia*, that "Mom's anger issues, mental health, those things have proved to be pervasive over the last number of years since my involvement in the case," and that while Mother had made some progress, she would also "regress," and she had failed to make "substantial progress on the issues that caused [the Children] to come into agency custody").

2023; and November 21, 2023. Mother was present and represented by counsel. The Children were represented by only Attorney Faher. By the time of the last termination hearing, K.L.B. was nearly five years old, and M.W.B. was nearly four years old.

By orders dated and entered December 18, 2023, the trial court terminated Mother's parental rights to the Children pursuant to 23 Pa.C.S.A. § 2511(a)(2), (8), and (b). Mother filed timely notices of appeal, along with concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). This Court consolidated the appeals *sua sponte*. Thereafter, the trial court filed a responsive Rule 1925(a) opinion.

On appeal, Mother raises the following issue for our review: "Whether the trial court erred in finding by clear and convincing evidence that the [Agency] met its burden, under 23 Pa.C.S.[A. § 2511](b)?" Mother's Brief at 4.[4]

Before reaching the merits of Mother's appeal, we must first address whether the trial court's appointment of Attorney Faher comported with

_____

[4] Pennsylvania's Adoption Act ("the Adoption Act") governs involuntary termination of parental rights proceedings. **See** 23 Pa.C.S.A. §§ 2101-2938. Subsection 2511(a) provides grounds for the involuntary termination of parental rights. If the trial court finds clear and convincing evidence supporting the existence of one of the grounds for termination set forth in subsection (a), the court must then consider whether termination would best serve the child under subsection (b). **See id**., § 2511(b).

section 2313(a).  *See In re Adoption of K.M.G.*, 240 A.3d 1218, 1235 (Pa. 2020).

Section 2313 of the Adoption Act provides in relevant part:

**(a) Child.**—The court ***shall*** appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents.  The court may appoint counsel or a guardian *ad litem* to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child.  No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S.A. § 2313(a) (emphasis added).

This Court has articulated the relevant law as follows:

Our Supreme Court has explained that "[s]ection 2313(a) requires the appointment of counsel who serves the child's legal interests in contested, involuntary [termination of parental rights] proceedings."  *In re Adoption of L.B.M.*, [] 161 A.3d 172, 180 ([Pa.] 2017) (footnote omitted).  Further, the *L.B.M.* Court held that "***the failure to appoint counsel for a child involved in a contested, involuntary termination of parental rights proceeding is a structural error and is not subject to harmless error analysis***."  *Id*. at 183.  ***Further, the failure to appoint counsel to represent a child's legal interests pursuant to [s]ection 2313(a) is a non-waivable error***.  [***See In re***] *T.S.*, 192 A.3d [1080,] 1087 [(Pa. 2018)].  Subsequently, [our] Supreme Court clarified that "trial courts are obligated by [s]ection 2313(a) to appoint counsel to serve the critical role of a child's attorney, zealously advocating for the legal interests of the child who otherwise would be denied a voice in the termination of parental rights proceedings."  *In re Adoption of K.M.G.*, [] 240 A.3d 1218, 1233-34 ([Pa.] 2020) (citation omitted).  In the context of [termination of parental rights] proceedings, the child's "legal interests" is synonymous with "the child's preferred outcome[.]"  *T.S.*, 192 A.3d at 1082 (footnote omitted)[.]

Further, "where a child's legal and best interests do not diverge in a termination proceeding, an attorney-GAL

representing the child's best interests can also fulfill the role of the attorney appointed per [s]ection 2313(a) to represent the child's legal interests." ***T.S.***, 192 A.3d at 1088 (citation omitted). However, "where there is no conflict between a child's legal and best interests, an attorney-*guardian ad litem* representing the child's best interests can also represent the child's legal interests. ***Id.*** at 1092; ***see also K.M.G.***, 240 A.3d at 1235-36. As such, our Supreme Court has held that **before appointing an individual to serve as both guardian ad litem (GAL) and legal counsel for a child, the trial court "must determine whether counsel can represent the dual interests . . .."** ***K.M.G.***, 240 A.3d at 1236 (emphasis added). Further, where the trial court appoints one attorney "to represent both the child's best interests and legal interests, appellate courts should review *sua sponte* whether the [trial] court made a determination that those interests did not conflict." ***Id***. at 1235.

***Interest of H.H.N.***, 296 A.3d 1258, 1263–64 (Pa. Super. 2023) (some citations omitted; emphases added).[5] Indeed, this Court may not make the conflict determination on the trial court's behalf, and is precluded from making an assessment as to whether a conflict exists. ***See A.J.R.O.***, 270 A.3d at 570 ("[A]ppellate review of this question does not involve second-guessing whether GAL/Counsel in fact had a conflict but solely whether the orphans'

---

[5] In addition, our Supreme Court has recognized that a child may be too young to be able to express a preference as to the outcome of the proceedings. ***See T.S.***, 192 A.3d at 1089-90. In such cases, a court may presume that no conflict exists between the child's legal interest and best interest. ***See id***. at 1090. Thus, section 2313(a) does not require the appointment of separate legal counsel to advance a child's "unknowable preference." ***Id***. (footnote omitted). In ***T.S.***, the children were two and three years old, and it was uncontested that they could not "have formed a subjective, articulable preference to be advanced by counsel . . .." ***Id***. at 1089. Here, the Children were nearly four and five at the time of the last hearing, and there was no indication in the record by the trial court or the GAL whether either or both of the Children could indicate or articulate a preference.

court made the determination in the first instance") (internal citation and quotations omitted).

While we acknowledge the Children's respectively tender ages during the contested involuntary termination proceedings, the record does not show that they were either non-verbal or so young as to be incapable of expressing a preference in the outcome. Therefore, we decline to presume that the Children could not have had a conflicting preference. *Cf*. *T.S.*, 192 A.3d at 1090.

Further, our review reveals that there is no indication in the record that the trial court considered whether to appoint separate legal counsel to represent the Children's legal interests. Indeed, Attorney Faher served as Child's sole attorney during the contested involuntary termination proceeding without any determination by the trial court that Attorney Faher could serve in a dual capacity without conflict. For the first time, in its Rule 1925(a) opinion, the trial court noted the dual nature of Attorney Faher's representation and provided an after-the-fact determination that the Children's best interests and legal interests did not conflict. *See* Trial Court Opinion, 2/7/23, at 1. Critically, however, the trial court made no determination prior to counsel's appointment, or even prior to this appeal, that Attorney Faher could represent both the Children's best interests and legal interests without conflict, as required by *K.M.G.* and its progeny. *See*

***K.M.G.***, 240 A.3d at 1236; ***see also In re A.J.R.O.***, 270 A.3d 563, 570 (Pa. Super. 2022).

Accordingly, we are constrained to vacate the termination orders and remand for the court to fulfill its section 2313(a) duty. ***See K.M.G.***, 240 A.3d at 1236; ***see also A.J.R.O.***, 270 A.3d at 570. On remand, within thirty days of the date the record is remitted, we direct the trial court to fulfill its section 2313(a) duty, as articulated in ***K.M.G.***, and determine, following a hearing, whether Attorney Faher may represent both the best interests and legal interests of the Children without conflict. If the trial court determines that no conflict exists between the Children's dual interests, then the trial court shall re-enter the termination orders as to Mother. If the trial court determines that there is a conflict between Children's best interests and legal interests, then the court shall appoint separate legal counsel for the Children and conduct a new termination hearing at which time Children's legal counsel can advocate on behalf of the Children's legal interests. ***See K.M.G.***, 240 A.3d at 1235.

Orders vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/12/2024