J-A10044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| IN RE: ADOPTION OF E.A.W., A MINOR | : IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : |
| | : |
| | : |
| APPEAL OF: J.R., MOTHER | : |
| | : |
| | : |
| | : |
| | : |
| | : No. 2978 EDA 2024 |

Appeal from the Decree Entered October 3, 2024
In the Court of Common Pleas of Delaware County Orphans' Court at
No(s):  0051-2023-A

BEFORE:   PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED JULY 7, 2025**

J.R. (Mother) appeals from the decree, entered in the Court of Common Pleas of Delaware County, involuntarily terminating her parental rights to her child, E.A.W. (Child) (born 01/21), as petitioned by C.H and C.H. (Petitioners, collectively).  Counsel has filed an application to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).[1]   After review, we are constrained to deny counsel's application to withdraw, vacate the decree, and remand for further proceedings, pursuant to our decision in ***Interest of H.H.N.***, 296 A.3d 1258

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See In re V.E.***, 611 A.2d 1267, 1275 (Pa. Super. 1992) (extending ***Anders*** briefing requirements to termination of parental rights appeals involving indigent parents represented by court-appointed counsel); ***In re X.J.***, 105 A.3d 1, 3 (Pa. Super. 2014) (same).

(Pa. Super. 2023), because Child's counsel was not present for key portions of the termination proceeding.

A lengthy review of the facts of this case is unnecessary. Briefly, after a termination hearing,[2] on October 3, 2024, the court found clear and convincing evidence to involuntarily terminate Mother's parental rights with respect to Child pursuant to 23 Pa.C.S. §§ 2511(a)(1), (2), (5), and (b).[3]

Mother filed a timely notice of appeal. On December 16, 2024,[4] counsel for Mother, Kimberly J. Krzyzaniak, Esquire, filed an application to withdraw, as well as an accompanying **Anders** brief.[5] On February 13, 2025, this Court

_____

[2] At the termination hearing, Robert A. Turco, Esquire, represented Child's legal interests, and best interests. **See** 23 Pa.C.S. § 2313(a); **see also In Re: T.S.**, 192 A.3d 1080, 1092 (Pa. 2018) ("[D]uring contested termination-of-parental-rights proceedings, where there is no conflict between a child's legal and best interests, an attorney-guardian *ad litem* representing the child's best interests can also represent the child's legal interests."). The trial court specifically determined counsel could represent Child's legal and best interests. **See** Order, 10/3/24, at 12 (unpaginated).

[3] 23 Pa.C.S. §§ 2101-2938.

[4] The following day, on December 17, 2024, this Court issued an order, noting that Attorney Krzyzaniak incorrectly filed an **Anders** brief and accompanying petition to withdraw in the trial court rather than in this Court, and further, that on November 24, 2024, the trial court improperly granted withdrawal. Accordingly, this Court ordered the trial court to vacate the grant of withdrawal, file a supplemental certified record that includes that order, and further ordered Attorney Krzyzaniak to file a compliant brief under **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). On January 3, 2025, counsel filed an **Anders** brief and application to withdraw in this Court.

[5] Pursuant to Pa.R.A.P. 1925(c)(4):
*(Footnote Continued Next Page)*

directed Attorney Krzyzaniak to attach to her application a letter to Mother informing Mother of her appellate rights and Attorney Krzyzaniak complied. *See, e.g.*, *Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa. Super. 2014). On February 26, 2025, this Court deferred review of Attorney Krzyzaniak's application to withdraw to this merits panel. On May 2, 2025, this merits panel denied counsel's motion to withdraw and remanded—while retaining jurisdiction—for Attorney Krzyzaniak's preparation of a compliant *Anders* brief, setting forth the reasons why counsel determined J.R.'s appeal is frivolous. *See Santiago*, 978 A.2d at 361 ("Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous."). Thereafter, counsel filed a renewed *Anders* brief and Mother has failed to respond.

First, we must both acknowledge this case has a fast-track designation requiring expeditious resolution of the issues on the merits and that we have already remanded on prior occasion for compliance with the parties' rights to

_____

> If counsel intends to seek to withdraw in a criminal case pursuant to *Anders*/*Santiago* or if counsel intends to seek to withdraw in a post-conviction relief appeal pursuant to *Turner*/*Finley*, counsel shall file of record and serve on the judge a statement of intent to withdraw in lieu of filing a [Rule 1925(b)] Statement.

Pa.R.A.P. 1925 (c)(4). *See In the Interest of J.T.*, 983 A.2d 771 (Pa. Super. 2009) (where *Anders* procedure from criminal proceedings has been applied to parental termination cases, parent's counsel acted appropriately by following Rule 1925(c)(4) in appeal from decision terminating parental rights to child).

counsel. Nevertheless, we must remand again due to the existence of a material and structural error, which again relates to the right to counsel, and which occurred during the termination proceedings. *See H.H.N*, *supra* (finding trial court erred in dismissing child's counsel from termination of parental rights hearing and reiterating "that limiting child's legal counsel's advocacy to the mere reporting of the child's preferred outcome to the trial court at the [termination] hearing, renders counsel's representation insufficient and deprives the child of his or her statutory right to counsel"). We must raise this issue *sua sponte*. *See In re Adoption of K.M.G.*, 240 A.3d 1218, 1235 (Pa. 2020) ("*sua sponte* review of the appointment of counsel in necessary to fulfil the mandate of Section 2313(a), which unambiguously provides that the court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents") (quotation marks and brackets omitted); *see also K.-M.L. ex rel. K.-M.O.L.*, 2025 WL 1455675 (Pa. Super., decided May 21, 2025) (unpublished memorandum decision) (citing *K.M.G.*, raising right to counsel issue *sua sponte*, and remanding for new termination hearing).[6]

Instantly, at the termination hearing, after the conclusion of Attorney Turco's presentation to the court of Child's facts and circumstances as he found them, the trial court permitted Attorney Turco—who represented Child's

---

[6] *See* Pa.R.A.P. 126(b) (authorizing citation for persuasive value to non-precedential decisions filed after May 1, 2019).

legal and best interests simultaneously—to excuse himself from the remainder of the termination hearing, which included witness testimony and closing argument:

> The court:  Okay.  Mr. Turco, thank you very much.
>
> [Attorney] Turco:  Thank you very much[,] Your Honor[.  D]oes the court need—I can stick around.  I have no problem with doing that.  Do the parties want me to stick around?  It's up to them.
>
> The court: Do the parties feel that [Attorney] Turco needs to be[?]
>
> [Attorney] Rentz[7]:  Your Honor, I'm often appointed as a [guardian *ad litem*] and I often try to leave.  So[,] it's—yes, I've—
>
> The court:  Ms. Krzyzaniak, given that—
>
> [Attorney] Krzyzaniak:  I don't have a—
>
> [Attorney] Rentz:  I don't have any objection to him leaving.
>
> [Attorney] Turco:  I can leave my number, if you guys—
>
> [Attorney] Krzyzaniak:  We know how to reach you—
>
> The court:  Yeah.
>
> [Attorney] Rentz:  We do.
>
> [Attorney] Turco:  What I was going to say is, if you need me, my office is not far away.
>
> The court:  And[,] counsel probably does know how to reach you.
>
> [Attorney] Rentz:  Right.
>
> The court:  So[,] if we need you Mr. Turco—
>
> [Attorney] Turco:  Thank you.
>
> The court:  —we will contact you.

---

[7] Sheryl Rentz, Esquire, represented Petitioners at the termination hearing.

[Attorney] Rentz:  Right. Thank you.

The court:  I appreciate your time.  Thank you.

[Attorney] Krzyzaniak:  Thank you.

The court:  All right. Ms. Rentz, would you like to call your first witness?

[Attorney] Rentz:  Yes[.]

N.T. Termination of Parental Rights Hearing, 7/30/24, at 20-21 (unnecessary capitalization omitted).   Although we observe that the record reflects that Attorney Turco made two more statements later in the hearing—after he was apparently excused—those statements do not materially advance his client's interests and, in our view, reflect transcription errors.[8]

_____

[8] In the first instance, Attorney Turco is credited with answering (when viewed in a charitable light) that his report has not been admitted into the record, and in the second instance, with correcting the record—simultaneously with Attorney Rentz—regarding a misstatement as to an exhibit identification:

> [Attorney] Krzyzaniak:  Thank you, Your Honor.  Before we started, I was just going through my notes.  Did we officially put Mr. Turco's report in?  Did we admit that into evidence yet?
>
> The court: I don't know.  Did—
>
> **[Attorney] Turco:  I don't have this admitted note.**
>
> [Attorney] Rentz:  And he—
>
> The court:  We can certainly call it Court Exhibit 1, I suppose, and admit it as Court 1.
>
> [Attorney] Krzyzaniak:  That's fine.
>
> The court:  Yeah, okay.
>
> *　*　*

*(Footnote Continued Next Page)*

Briefly, our decision in **H.H.N.** confirms the requirement that Child's counsel in a termination hearing must remain present for those key portions of the hearing, including, *inter alia*, testimony by witnesses and for closing argument. **See H.H.N.**, 296 A.3d at 1265-66; **see also, e.g.**, **K.-M.L. ex rel. K.-M.O.L.**, 2025 WL 1455675 (citing **H.H.N.** and remanding for new termination hearing because guardian *ad litem* not present for witness testimony and closing argument during termination proceedings).[9]  Under these circumstances we must remand for a new termination hearing because the error in dismissing Child's counsel "is a structural error and is not subject to harmless error analysis." **H.H.N.**, 296 A.3d at 1266-67.

_____

> Q. And I'm going to hand you a document that I would ask to be marked as M-8. Can you tell us what that document is?
>
> **[Attorney] TURCO:  M-7.**
>
> [Attorney] Rentz:  M-7.
>
> [J.R.]:  An email[.]

N.T. Termination of Parental Rights Hearing, 7/30/24, at 107-08, 124-25 (unnecessary capitalization omitted; emphasis added).  Where there was no meaningful participation by Attorney Turco at the termination hearings after his excusal, we assume these record statements credited to him are transcription errors.

[9] **See** Pa.R.A.P. 126(b) (authorizing citation for persuasive value to non-precedential decisions filed after May 1, 2019).

Decree vacated. Case remanded for further proceedings. Application to withdraw denied as moot.[10] Jurisdiction relinquished.

---

[10] We have concerns as to whether counsel's renewed **Anders** brief comports with the requirement that it set forth the issues that the appellant wishes to raise and any other claims necessary to effectuate appellate review of those issues. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005). We observe that counsel originally identified the following issues to be raised on appeal:

> A. Whether the trial court abused its discretion and erred as a matter of law in proceeding with the adoption matter when no final custody order had been entered at the time the petition for adoption began?
>
> B. Whether the trial court abused its discretion and erred as a matter of law in proceeding with the trial for involuntary termination of parental rights before the appeal period had run on the final order of custody?
>
> C. Whether the trial court abused its discretion and erred as a matter of law by not looking at the entire record to determine whether Mother had done everything she could to continue to see the child?
>
> D. Whether the trial court abused its discretion and erred by finding it was in [Child's] best interest [] to terminate the biological Mother's parental rights?

**Anders** Brief, 1/3/25, at 5 (unnecessary capitalization omitted). Nevertheless, the lone issue now presented is "whether counsel should be granted leave to withdraw pursuant to **Anders** [], where counsel has demonstrated, after a careful review of the record, that appellant lacks any appealable issue of arguable merit." **Anders** Brief, 5/23/25, at 5 (unnecessary capitalization omitted). Due to our disposition, we need not address potential remaining deficiencies in counsel's application to withdraw.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>7/7/2025</u>