J-S29031-25 & J-S29032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF L.K., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: D.P., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 295 WDA 2025 |

Appeal from the Decree Entered March 11, 2025
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s):  24-ADOPT-2022

| | | |
|---|---|---|
| IN RE:  ADOPTION OF N.P., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF:  D.P., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 337 WDA 2025 |

Appeal from the Decree Entered March 11, 2025
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s):  25-ADOPT-2022

| | | |
|---|---|---|
| IN RE: ADOPTION OF L.K., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: J.L.K., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 325 WDA 2025 |

Appeal from the Decree Entered March 11, 2025
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s):  24-ADOPT-2022

J-S29031-25 & J-S29032-25

| | | |
|---|---|---|
| IN RE: ADOPTION OF N.P., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: J.L.K., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 326 WDA 2025 |

Appeal from the Decree Entered March 11, 2025
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s): 25-ADOPT-2023

| | | |
|---|---|---|
| IN RE: ADOPTION OF S.W., JR., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.L.K., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 329 WDA 2025 |

Appeal from the Decree Entered March 11, 2025
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s): 40 Adopt 2024

BEFORE: NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: October 9, 2025**

J.L.K. ("Mother") and D.P. ("Father") appeal separately from the decrees dated February 27, 2025, and entered on March 11, 2025, in the Court of Common Pleas of Fayette County Orphans' Court, granting the petitions filed by Fayette County Children & Youth Services ("CYS") to involuntarily terminate their parental rights to Mother's three minor children, and Father's

- 2 -

two minor children, pursuant to sections 2511(a)(1), (2), (5), (8) and (b) of the Adoption Act, 23 Pa.C.S. §§ 2101-2938. After careful review, we vacate the decrees and remand with instructions.[1]

Given our disposition, we need not detail the full factual and procedural history of this case, which arose out of dependency proceedings involving minors, N.P. (born in January of 2018), L.K. (born in January of 2020), and S.W. (born in September of 2022) (collectively "Children"). Relevantly, Mother is the natural mother of all three Children. Father is the natural father of N.P. and L.K., while O.F. is the natural father of S.W.[2]

CYS first became involved with this family in June of 2019. N.P. was adjudicated dependent on September 26, 2019, and L.K. was adjudicated dependent on February 13, 2020. N.P. and L.K. were placed in foster care on January 1, 2021, and have remained in the same foster placement ever since. Orphans' Court Opinion ("OCO"), 4/30/25, at 3. S.P. has been in the same foster placement since birth. *Id.*

The orphans' court provided the following background:

> The Children were declared dependent due to parental substance abuse and lack of appropriate housing. At the initial dependency actions, Father was incarcerated and has remained incarcerated for most of the time that the Children have been in [foster] care.

---

[1] We consolidate the appeals at Nos. 295, 325, 326, 329, and 337 WDA 2025 *sua sponte*, as Mother and Father raise similar issues for our consideration, which arise from the same set of facts, and the orphans' court addressed their appeals together in its Pa.R.A.P. 1925(a) opinion. *See* Pa.R.A.P. 513.

[2] The orphans' court terminated the parental rights of O.F. to S.W.; however, O.F. has not filed an appeal.

> The family service plan [directed Mother and Father] to cooperate with the agency; obtain mental health evaluations and follow any recommended treatment; obtain a drug and alcohol evaluation and follow any recommendations; attend and complete parenting classes; obtain appropriate housing; and maintain a bond with the Children. … Mother has only intermittently complied with mental health treatment, has continued to test positive for controlled substances, and has not maintained stable housing[,] even remaining homeless at times. Father has been incarcerated for much of the time the Children have been in care and has failed to complete the family service plan when not incarcerated. He has failed to remain sober and to visit with the Children on a regular basis. Father consistently has been released and reincarcerated. The Children need stability which the parents have proven they cannot maintain.

*Id.* at 3-4 (cleaned up).

On July 2, 2024, CYS filed petitions seeking to involuntarily terminate the parental rights of Mother and Father to their respective children, pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (5), and (8).[3] The orphans' court appointed Bryan Pavina, Esquire, "to represent the interest of the [C]hild[ren]." *See* Orders, 7/5/24. However, as discussed further *infra*, there is no indication in the record that the orphans' court considered whether Attorney Pavina could represent the Children's best and legal interests without conflict. *See* 23 Pa.C.S. § 2313(a).

The termination hearing was ultimately held on February 27, 2025. Mother and Father were both present and represented by counsel. The record further indicates that Attorney Pavina was present to represent "the

---

[3] CYS previously filed petitions to involuntarily terminate the parental rights of Mother and Father in July of 2022. CYS subsequently withdrew its petitions as to Mother. The petitions as to Father were denied by the orphans' court on September 26, 2022. *See* Final Decrees, 9/26/22, at 1-2.

interest[s]" of the minor Children.  N.T., 2/27/25, at 4.  The orphans' court heard testimony from Mother, Father, and three CYS case workers.

By decrees dated February 27, 2025, and entered on March 11, 2025, the orphans' court terminated Mother's and Father's parental rights to their respective Children.  **See** OCO at 2-8 (explaining the orphans' court decision to terminate Mother's and Father's parental rights pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b)).  These timely appeals followed.[4]

On appeal, Mother and Father both ask this Court to consider the following question: Whether CYS presented sufficient evidence to sustain its burden of proof to justify the termination of Mother's and Father's parental rights?  **See** Mother's Brief at 5; Father's Brief at 3.[5]

Before reaching the merits of their appeals, we must first address whether the orphans' court's appointment of Attorney Pavina comported with section 2313(a) of the Adoption Act.  **See In re Adoption of K.M.G.**, 240 A.3d 1218, 1235 (Pa. 2020).  Section 2313 provides, in relevant part:

> The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents.  The court may appoint counsel or a guardian *ad litem* to represent any child who has not

---

[4] Mother and Father complied with Pa.R.A.P. 1925(a)(2)(i).  The orphans' court filed an opinion pursuant to Rule 1925(a)(2)(ii) on April 30, 2025.

[5] Section 2511(a) of the Adoption Act provides grounds for the involuntary termination of parental rights.  **See** 23 Pa.C.S. § 2511(a).  If the orphans' court finds clear and convincing evidence supporting the existence of one of the grounds for termination set forth in subsection (a), the court must then consider whether termination would best serve the child under subsection (b).  **See** 23 Pa.C.S. § 2511(b).

reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S. § 2313(a).

This Court has articulated the relevant law as follows:

Our Supreme Court has explained that "section 2313(a) requires the appointment of counsel who serves the child's legal interests in contested, involuntary [termination of parental rights] proceedings." *In re Adoption of L.B.M.*, … 161 A.3d 172, 180 ([Pa.] 2017) (footnote omitted). Further, the *L.B.M.* Court held that "the failure to appoint counsel for a child involved in a contested, involuntary termination of parental rights proceeding is a structural error and is not subject to harmless error analysis." *Id.* at 183. Further, the failure to appoint counsel to represent a child's legal interest pursuant to section 2313(a) is a non-waivable error. [*See In re*] *T.S.*, 192 A.3d [1080,] 1087[ (Pa. 2018)]. Subsequently, the Supreme Court clarified that "trial courts are obligated by section 2313(a) to appoint counsel to serve the critical role of a child's attorney, zealously advocating for the legal interests of the child who otherwise would be denied a voice in the termination of parental rights proceedings." … *K.M.G.*, … 240 A.3d [at] 1233-34 … (citation omitted). In the context of [termination of parental rights] proceedings, the child's "legal interests" is synonymous with "the child's preferred outcome." *T.S.*, 192 A.3d at 1082 (footnote omitted).

Further, "where a child's legal and best interests do not diverge in a termination proceeding, an attorney-[guardian *ad litem*] representing the child's best interests can also fulfill the role of the attorney appointed per section 2313(a) to represent the child's legal interests." *T.S.*, 192 A.3d at 1088 (citation omitted)[; *see also id.* at 1092 ("W]here there is no conflict between a child's legal and best interest, an attorney-guardian *ad litem* representing the child's best interests can also represent the child's legal interests."[)] …; *see also K.M.G.*, 250 A.3d at 1235-36. As such, our Supreme Court has held that **before** appointing an individual to serve as both guardian *ad litem* … and legal counsel for a child, the trial court "must determine whether counsel can represent the dual interests…." *K.M.G.*, 240 A.3d at 1236. Further, where the trial court appoints one attorney "to represent both the child's best interests and legal interests,

appellate courts should review *sua sponte* whether the trial court made a determination that those interests did not conflict." *Id.* at 1235.

*Interest of H.H.N.*, 296 A.3d 1258, 1263-64 (Pa. Super. 2023) (cleaned up; emphasis in original).

Our Supreme Court has cautioned that our appellate review "does not involve second-guessing whether the guardian *ad litem* or legal counsel in fact had a conflict[,] but solely whether the orphans' court made the determination in the first instance." *In re P.G.F.*, 247 A.3d 955, 964-65 (Pa. 2021) (quoting *K.M.G.*, 240 A.3d at 1235-36). It emphasized that such an assessment allows for yes or no answers, *i.e.*, "binary, record-based determinations":

> Specifically, we grant *sua sponte* review to evaluate (1) whether the orphans' court appointed counsel to represent the legal interests of the children and (2) if the appointed counsel also serves as guardian *ad litem*, whether the orphans' court determined that the child's best interests and legal interests did not conflict. Both inquiries involve a yes or no answer that can be addressed by a review of the orphans' court order (or lack thereof) appointing counsel to represent a child under section 2313(a). We conclude that this limited review strikes an appropriate balance between protecting children who cannot assert their own right to counsel, while [e]nsuring the least disruption to the process of orderly judicial decision making in termination proceedings.

*Id.* at 965 (quoting *K.M.G.*, 240 A.2d at 1236) (cleaned up).

If there is no indication in the certified record that the orphans' court has performed its duty under section 2313(a), this Court has consistently determined that

> the proper remedy is to vacate the termination decree and remand for further proceedings, after which the trial court is to fulfill its section 2313(a) duty to determine whether the attorney can represent the dual interests of the child[] without conflict. *See A.J.R.O.*, 270 A.3d [563,] 571[ (Pa. Super. 2022)]. On remand,

- 7 -

if the trial court determines that no conflict exists, the court is to re-enter its termination decrees. If the court determines there is a conflict between the [child's] legal and best interests, the court is to appoint separate legal counsel and conduct a new termination hearing to provide counsel an opportunity to advocate on behalf of the [child's] legal interests. ***See id.***

***Interest of M.J.P.***, Nos. 1292 and 1293 MDA 2023, unpublished memorandum at 14 (Pa. Super. filed Mar. 27, 2024);[6] ***see also In re Adoption of K.L.B.***, 324 A.3d 1225 (Pa. Super. 2024) (unpublished memorandum); ***In re Adoption of L.P.D.***, 321 A.3d 971 (Pa. Super. 2024) (unpublished memorandum).

Instantly, our review of the certified record reveals only one set of orders that mentions the appointment of counsel for Children at the termination hearing. ***See*** Preliminary Decrees, 7/5/24. These orders merely appoint Brian Pavina, Esquire "to represent the interests of the [C]hild[ren]." ***Id.*** We are unable to locate a separate set of orders in the record appointing Attorney Pavina as guardian *ad litem*; however, we observe that he is listed on several documents as the guardian *ad litem*. ***See, e.g.***, N.T., 2/27/25, at 2; ***id.*** at Exhibits 1-3; Certificate of Service, 12/31/24; Certificate of Service, 10/16/24. Thus, whether Attorney Pavina was also appointed as the guardian *ad litem* in this case is unclear. Critically, there is no indication whatsoever in the record that the orphans' court considered whether Attorney Pavina could

---

[6] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

represent the Children's best and legal interests without a conflict, as required by *K.M.G.*

Accordingly, as much as we are loathe to disrupt the much-needed finality for these Children, we are constrained to vacate the termination decrees entered on March 11, 2025, and remand for further proceedings. *See A.J.R.O.*, *supra*. Within thirty days of the remittal of the record, we direct the orphans' court to fulfill its section 2313(a) duty, as articulated in *K.M.G.*, and determine whether Attorney Pavina may represent both the legal interest and best interest of the Children without conflict. If there is a conflict, the orphans' court shall appoint separate legal counsel and conduct a new involuntary termination hearing. If the court determines there is no conflict, the court shall re-enter its termination decrees.

Decrees vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/09/2025